UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| DONALD MCLAUGHLIN, : | |
| : | Civil Action No. 14-4450 (JEI) |
| Petitioner, : | |
| : | |
| v. : | **OPINION** |
| : | |
| UNITED STATES OF AMERICA, : | |
| : | |
| Respondent. : | |

**IRENAS**, Senior District Judge:

Presently before the Court is the motion of Petitioner, Donald McLaughlin, to amend this Court's order granting in part his motion to vacate his sentence. (ECF No. 14). For the following reasons, this Court will deny the motion.

**I. BACKGROUND**

On October 20, 2011, Petitioner, Donald McLaughlin, pled guilty to dealing in firearms without a license in violation of 18 U.S.C. § 922(a)(1)(A) and possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1). (Criminal Action No. 11-721 at ECF No. 36 at 1). On July 11, 2013, this Court sentenced Petitioner to fifty seven months' imprisonment and a three year period of supervised release. (*Id.* at 2-3). On July 15, 2014, Petitioner filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255 (ECF No. 1). In his motion he raised the following claims: that sentencing counsel was constitutionally ineffective in failing to file an appeal, that Petitioner's plea hearing counsel was ineffective for failing to have Petitioner evaluated for competency and any psychological issues, that plea hearing counsel was ineffective "for threatening [Petitioner] into involuntary[illy] pleading guilty to a crime for which there was not enough evidence to convict," and that sentencing counsel was ineffective "for failing to

properly litigate [Petitioner's] Motion to Withdraw his involuntary plea of guilty." (ECF No. 1 at 4-5).

Following *sua sponte* screening, this Court issued an order to answer on March 23, 2015. (ECF No. 5). On March 27, 2015, the Government responded to that order in the form of a limited answer requesting that an evidentiary hearing be held on Petitioner's first claim, that counsel failed to file a direct appeal after being instructed to do so, pursuant to *Solis v. United States*, 252 F.3d 289 (3d Cir. 2001). (ECF No. 6). This Court agreed, and therefore appointed CJA counsel for Petitioner and held an evidentiary hearing limited to that issue on May 28, 2015. (ECF 8, 9, 12).

After hearing testimony at the hearing from both Petitioner's sentencing counsel, Troy Archie, and Petitioner, this Court, although not finding that Archie was ineffective in not filing a notice of appeal under the circumstances, granted in part Petitioner's § 2255 motion pursuant to *Solis*, ultimately granting Petitioner the opportunity to file a *nunc pro tunc* appeal. (ECF No. 12, 13). As this Court's decision dealt solely with Petitioner's *Solis* claim, and provided Petitioner with an opportunity to file a direct appeal, Petitioner's remaining § 2255 claims were rendered premature. When this issue was brought to this Court's attention during the evidentiary hearing, this Court noted that Petitioner's remaining § 2255 claims could either be stayed pending the result of Petitoner's direct appeal, or could be dismissed without prejudice to Petitioner filing a subsequent motion to vacate after the conclusion of his direct appeal. (ECF No. 15 at 62-64). The following colloquy occurred during the hearing as a result of that observation:

> THE COURT: Do we just stay [the motion] and it sits on the docket or do I dismiss it without prejudice?
>
> [The Government]: Very well. I'll address that further.
>
> . . . .

> THE COURT: I don't want a long brief on it. And, [CJA counsel], if you want to look into that same issue, you can do so, too.
>
> [CJA counsel]: I don't think –
>
> THE COURT: I doubt it makes much of a difference.
>
> [CJA counsel]: Correct, Your Honor.
>
> THE COURT: My preference, again, would be to dismiss it without prejudice and then have it re-filed with the benefit of hindsight and the benefit of whatever the Circuit does.
>
> [CJA counsel]: If Your Honor please, I have no objection to it being dismissed without prejudice because, basically, what he wanted to do was get his appeal rights back, and if the Third Circuit denies his appeal, he can – he has probably close to a year to file another 2255.
>
> THE COURT: And he may have more than a year, because you get the time for filing a [petition for certiorari] to the Supreme Court[, which] gets added before the year starts running.
>
> [CJA counsel]: Right. So if the government agrees, I have no objection to the [remaining claims being dismissed without prejudice.]
>
> THE COURT: Well, you let me know if you agree to that.
>
> [The Government]: I agree.
>
> THE COURT: Oh, she's telling me now. Okay. Then we'll issue . . . an order dismissing [the remaining claims] without prejudice, pending a decision by the Circuit following the notice of appeal.

(ECF No. 15 at 64-65).  This Court therefore issued an order on May 28, 2015, permitting Petitioner to file a *nunc pro tunc* appeal and dismissing his remaining clams without prejudice to the filing of a subsequent motion to vacate following the conclusion of his direct appeal.  (ECF No. 13).  Petitioner thereafter filed the instant motion on or about June 25, 2015.  (ECF No. 14).

3

## II. DISCUSSION

### A. Legal Standard

The scope of a motion to amend a judgment pursuant to Rule 59(e) is extremely limited. *See Blystone v. Horn*, 664 F.3d 397, 415 (3d Cir. 2011). A Rule 59(e) motion may be employed "only to correct manifest errors of law or fact or to present newly discovered evidence." *Id.* "'Accordingly, a judgment may be altered or amended [only] if the party seeking reconsideration shows at least one of the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [decided the motion], or (3) the need to correct a clear error of law or fact or to prevent manifest injustice.'" *Id.* (quoting *Howard Hess Dental Labs., Inc. v. Dentsply Int'l Inc.*, 602 F.2d 237, 251 (3d Cir. 2010)). In this context, manifest injustice "generally . . . means that the Court overlooked some dispositive factual or legal matter that was presented to it," or that a "direct, obvious, and observable" error occurred. *See Brown v. Zickefoose*, Civil Action No. 11-3330, 2011 WL 5007829, at *2, n. 3 (D.N.J. 2011).

### B. Analysis

In his motion, Petitioner states that he never received a copy of this Court's prior order, and thus is unaware of how this Court disposed of his unresolved § 2255 claims. He therefore argues that, if his remaining claims were dismissed with prejudice, the Court's order should be amended to provide him an opportunity to litigate the matters after his appeal concludes. As this Court did not dismiss his remaining claims with prejudice, that portion of Petitioner's argument provides no support for the contention that this Court should amend its prior order.

Petitioner's second, and more applicable argument, is that, if this Court dismissed his remaining claims without prejudice, this Court should amend its order to instead hold those claims

4

in abeyance and stay them pending the conclusion of his direct appeal. Petitioner argues that, although the difference between a stay and a dismissal without prejudice would normally not constitute a manifest injustice, in his case the difference is meaningful as he is scheduled to be released in August, his appeal will likely take "18 months" to complete, and he desires to move this Court to reduce his period of supervised release under 18 U.S.C. § 3583(e) after he has served one year of supervised release. Petitioner argues that, if his appeal takes more than a year, and if this Court grants his motion to reduce supervised release, he will be left unable to pursue his remaining § 2255 claims by the time his appeal concludes as he will no longer be "in custody" for the purposes of § 2255 jurisdiction.

Although there is "no *jurisdictional* bar to a district court's adjudication of a § 2255 motion while the movant's direct appeal is pending," such actions "are disfavored as a matter of judicial economy and concern that results on direct appeal may make the district court's efforts a nullity." *United States v. Banks*, 269 F. App'x 152, 153 (3d Cir. 2008); *see also United States v. Prows*, 448 F.3d 1223, 1228-29 (10th Cir. 2006); *Kapral v. United States*, 166 F.3d 565, 570-72 (3d Cir. 1999). Thus, where a Petitioner files a § 2255 motion while his direct appeal is pending, that motion is ordinarily dismissed without prejudice absent some extraordinary circumstances not at issue here. *See Outterbridge v. Motley*, Civil Action No. 04-6058, 2005 WL 1541057, at *2-3 (D.N.J. June 30, 2005); *Banks*, 269 F. App'x at 153. A district court's decision to dismiss without prejudice a § 2255 motion while the petitioner's direct appeal is pending is therefore proper. *Banks*, 269 F. App'x at 153.

Because this Court granted in part Petitioner's § 2255 motion and permitted him a *nunc pro tunc* appeal, Petitioner's direct appeal is now pending. (*See* Criminal Action No. 11-721 at ECF No. 37, 38, 39). This Court therefore acted properly in dismissing Petitioner's remaining §

2255 claims without prejudice. *Banks*, 269 F. App'x at 153. As such, this Court did not err, let alone commit a clear error of law or fact or permit a manifest injustice to occur in dismissing without prejudice Plaintiff's remaining claims. Petitioner has therefore failed to show that the judgment should be amended under Rule 59(e) and his motion will be denied. *Blystone*, 664 F.3d at 415.

While that conclusion is dispositive of Petitioner's motion, this Court also notes that both the Government and Petitioner's counsel agreed to the course of action Petitioner now challenges when presented with the choice of whether to stay Petitioner's claims or dismiss them without prejudice, and thus any challenge to that ruling would be tantamount to challenging an invited error. *See, e.g., United States v. Maury*, 695 F.3d 227, 256 (3d Cir. 2012) (under invited error doctrine, a party cannot complain of alleged errors invited or induced by that party). Additionally, Petitioner suffers no harm as a result of this Court's dismissal of his remaining claims without prejudice. Upon the conclusion of Petitioner's direct appeal, he will have, as this Court observed during the evidentiary hearing, more than a year to file an additional § 2255 motion. *See* 28 U.S.C. § 2255(f); *Kapral*, 166 F.3d at 577.

Petitioner's argument that he may not be able to bring his motion as he may be out of custody by that time is likewise unavailing. Petitioner would only be out of custody, and thus barred from bringing a § 2255 motion, in the event that he files and is successful on a motion to reduce his period of supervised release. It is far from certain that Petitioner will make such a motion, and the likelihood of success of such a motion this Court shall not comment on here. Even in the event that Petitioner was successful on such a motion and lost his ability to file a § 2255 motion, however, he would not be without recourse as he would still be able to file a petition for a writ of error *coram nobis*. *See United States v. Biondi*, 600 F. App'x 45, 46 (3d Cir. 2015); *see*

*also United States v. Stoneman*, 870 F.2d 102, 105-06 (3d Cir. 1989).  As such, Petitioner has not suffered any prejudice as a result of this Court's dismissal of his remaining § 2255 claims without prejudice, and Petitioner has not shown that this Court should amend its prior order.

### III.  CONCLUSION

For the reasons stated above, Petitioner's Rule 59(e) motion is DENIED.  An appropriate order follows.


Dated: August 4, 2015                             \_\_\_s/ Joseph E. Irenas_____
                                                  Hon. Joseph E. Irenas,
                                                  Senior United States District Judge